UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DERRICK D. BROWN,

        Petitioner,

  v.

WILLIAM POLLARD,

        Respondent.

Case No. 19-cv-714-pp

---

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), REQUIRING PETITIONER TO PAY FILING FEE OR FILE TRUST ACCOUNT STATEMENT AND GRANTING MOTIONS TO STAY PROCEEDINGS SO PETITIONER MAY EXHAUST STATE COURT REMEDIES (DKT. NOS. 5, 7, 8)**

---

On May 14, 2019, Derrick Brown, who doesn't have a lawyer, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his January 14, 2016, judgment of conviction in Milwaukee County Circuit Court for first degree sexual assault by use of a dangerous weapon, kidnapping with forceful carrying, and substantial battery by use of a dangerous weapon. Dkt. No. 1. The petitioner also asked the court for leave to proceed without prepaying the filing fee. Dkt. No. 2. Since then, he has filed a letter explaining to the court that he filed a motion with the court of appeals raising ineffective assistance of counsel, dkt. no. 5; a request for an update on the status of the case, dkt. no. 6; a motion to stay the case until the petitioner could refile a motion in state court raising the issue of ineffective assistance of appellate counsel, dkt. no. 7; and a request to amend the *habeas* petition, dkt. no. 8.

1

## I. Motion to Proceed without Paying the Filing Fee (Dkt. No. 2)

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §194(a). The petitioner filed a petition asking the court to allow him to proceed without prepaying that fee. Dkt. No. 2. Page one of the petition explains that prisoners seeking to proceed without prepaying the fee should complete and return the form and the attached authorization, *and* provide the court with a certified copy of his institutional trust account statement for the past six months. Dkt. No. 2 at 1. The petitioner filled out the form, saying that he gets four dollars every two weeks, that the prison takes 90% of that and that he saves the rest for hygiene. Id. at 2. This may be, but without the petitioner's trust account statement, the court can't confirm that. The petitioner filed an authorization for release of institutional account information, dkt. no. 1-1 at 3, but he needed to give a copy of that authorization to the institution business office and ask them to give him, or to send to the court, a copy of his trust account statement. The court will deny the petition for leave to proceed without prepaying the filing fee without prejudice, which means that the petitioner may either pay the $5.00 filing fee or provide the court with his trust account statement, along with a request that the court reconsider his request to proceed without prepaying the fee.

## II. Rule 4 Screening

### A. Background

After a jury found the petitioner guilty of all counts, the circuit court judge sentenced the petitioner to a term of sixty-six years. Dkt. No. 1. The

petitioner filed a motion for postconviction relief arguing ineffective assistance of counsel. Dkt. No. 1-1 at 2. He alleged that his counsel should have introduced evidence from a police report showing that the complaining witness had identified men other than him as her assailant (1) when shown a photo array that included photos of him and (2) during a live lineup in which he was present. Id. at 4. The circuit court denied the motion on the ground that the petitioner could not establish prejudice. Id.

The petitioner filed a direct appeal. Id. at 1. The Wisconsin Court of Appeals agreed that he could not show that there was a reasonable probability that the result of the proceeding would have been different but for counsel's conduct. Id. at 6. Specifically, the court cited the petitioner's DNA left on a hat, gun slide and barrel, and the "conclusive matches" of the petitioner's blood and the victim's blood on the same jacket. Id. The Wisconsin Supreme Court denied the petitioner's petition for review under Wis. Stat. §808.10. Id. at 7.

B.  Standard

Rule 4 of the Rules Governing §2254 Proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the

3

petitioner has alleged that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court;" or (2) "a decision that was based on an unreasonable application determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, a state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000)

4

C. Analysis

The petition raises two ineffective assistance of counsel claims. First, the petitioner argues that his *trial* counsel didn't tell the jury that the victim twice failed to identify the petitioner as the attacker and that the victim told detectives the petitioner was not the attacker. Dkt. No. 1 at 6. Second, the petitioner argues that his *appellate* counsel failed to challenge the sufficiency of the evidence. Id. at 7. According to the petitioner, the "only evidence the state brought against [the petitioner] were movable objects with his DNA on them, as well as the victim's DNA." Id. The petitioner argues the state failed to introduce any evidence about how or when his DNA was transferred to those objects. Id.

As to the second claim regarding the ineffective assistance of his appellate counsel, the petitioner indicated that he did not exhaust his state remedies on that claim "because [he didn't] know what motion [he] need[ed] to file in order to exhaust the issue." Id. at 8. He explained that he was proceeding *pro se* and didn't know what to do. Id. About four months after the court received the petition in this case, it received a letter from the petitioner. Dkt. No. 5. The letter clarified that the petitioner *did* file a motion with the court of appeals, raising the issue of his appellate counsel's ineffectiveness, but that the court of appeals denied his motion because "they said that [he] already had counsel, therefore, [he] could not file a hybrid motion." Id. The petitioner asserted that he tried to exhaust the ineffective appellate counsel issue "the only way [he] knew how to." Id. He asked this court to allow him to "re-file the

motion with the court of appeals, now that I don't have counsel anymore; if that's what is necessary." Id.[1]

A little over a month after that, the court received from the plaintiff a letter motion, asking the court to allow him to amend the federal *habeas* petition, and to hold the federal case in abeyance until he could re-file the motion in state court. Dkt. No. 7. This was a reiteration of the request he'd made a month or so earlier; the court imagines the petitioner repeated the request because he had not heard from the court.[2] The next day, the court received another letter motion from the petitioner. Dkt. No. 8. This one asked the court to allow the petitioner to add an argument that his trial counsel did not clarify to the jury that the eyewitness gave a description of the perpetrator that did not match the petitioner, and that his appellate counsel mentioned that fact but that he was "not sure if she raised it as an issue." Id. The petitioner asked the court to allow him to go back to state court and exhaust this issue. Id.

The petitioner appears to recognize that the law requires him to give the state courts one full opportunity to review his arguments before he may seek federal *habeas* relief. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This

---

[1] A person wishing to challenge the effectiveness of his appellate counsel in Wisconsin must file a petition under State v. Knight. 168 Wis. 2d 509 (Wis. 1992).

[2] The court regrets that it has taken the court such a long time to address the petitioner's case. The court is short-staffed by one district judge and one magistrate judge, and the court's case load has increased. This is not the only case that has been delayed, and the court apologizes to the petitioner.

"full opportunity" "includes presenting the claims to the state's highest court in a petition for discretionary review." Hicks v. Hepp, 871 F.3d 513, 530 (7th Cir. 2017) (citing Boerckel, 526 U.S. at 845).

It appears from what the petitioner has told the court that he may not have exhausted two claims—the claim that his trial counsel was ineffective for not alerting the jury to the allegedly faulty eyewitness identification and the claim that his appellate counsel was ineffective. This means that the petitioner has filed what is known as a "mixed" petition—it contains one exhausted claim and some unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982) ("mixed petitions" are petitions that contain both exhausted and unexhausted claims).

A federal court "may not adjudicate mixed petitions for *habeas corpus*, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005). When the Supreme Court issued this ruling, it required district courts to dismiss "mixed petitions" without prejudice and allow the petitioners to go back to state court and exhaust the unexhausted claims. Id. (citing Lundy, 455 U.S. at 522). About fifteen years later, however, Congress passed the Antiterrorism and Effective Death Penalty Act, which required an inmate to file a federal *habeas* petition within one year of the date on which the judgment becomes final. Id. (citing 28 U.S.C. §2244(d)). Recognizing that if a district court *dismissed* a "mixed petition" and required the petitioner to go back to state court, the petitioner might be barred by the AEDPA statute of limitations from returning to federal court, the

Supreme Court concluded that a district court could, if it chose to do so, *stay* the federal *habeas* case (rather than dismissing it) and allow the petitioner to go back to state court without losing his ability to seek federal *habeas* review. Id. at 276 (citations omitted).

The Supreme Court has cautioned that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Even if a petitioner shows show good cause, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. Finally, the Court has instructed district courts that they should not stay mixed petitions "indefinitely." Id. The Court held that "district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278.

The petitioner has asked the court to stay the *habeas* proceedings and hold them in abeyance while he returns to the state court to exhaust his unexhausted claims. The law requires a petitioner who makes such a request to show good cause for his failure to exhaust, to show that his claim is potentially meritorious, and to show there is no indication that he has engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 278.

The court finds that, at least as to his failure to exhaust the claim that his appellate counsel was ineffective, the petitioner has shown good cause for failure to exhaust. He has explained that he tried to file the motion with the court of appeals, but that they wouldn't accept it while he still had a lawyer.

8

While the court has not seen all the details of the petitioner's case, it sounds as if his claim may have merit. And the court has no indication that the petitioner is making this request for the purpose of inappropriate delay or foot-dragging. The court will grant the plaintiff's request to go back to state court and exhaust his remedies. The court will stay the federal case, and will administratively close the case until the petitioner has exhausted his claims in state court. The court will order that within thirty days of the conclusion of his state-court litigation, the petitioner must file a motion asking to reopen the case. Assuming that he's either paid the federal filing fee or the court has waived it, the court then will reopen the case, maintaining the original filing date for the petition. At that time, the petitioner may amend his petition to clarify the claims that he is raising and to indicate whether he's exhausted them.

The court cautions the petitioner that he should use his time in state court to exhaust *all* claims that he wants to raise in this federal *habeas* petition, whether the claims relate to his trial counsel or his appellate counsel. This may require him to file different motions with different levels of the state court.

### III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** that in time for the court to receive it by the end of the day on **January 10, 2020**, the petitioner either shall pay the $5.00 filing fee or shall file a certified copy of his trust account statement for the past six months,

9

along with a request for the court to reconsider its order denying his motion for leave to proceed without prepaying the filing fee. If the court does not receive either the $5.00 filing fee or the trust account statement and request to reconsider by the end of the day on January 10, 2020, the court may dismiss the case without further notice or hearing.

The court **GRANTS** the petitioner's motion to stay the federal habeas proceedings. Dkt. Nos. 5, 7, 8. The court **ORDERS** that the federal proceedings are **STAYED** until the petitioner has exhausted his state court remedies.

The **DIRECTS** the clerk of court to **CLOSE** this case for administrative purposes. The court **ORDERS** that within thirty days after the conclusion of his state court proceedings, the petitioner must file a motion in this case (captioned "Motion to Reopen"), informing the court that the state court proceedings are finished and asking the court to reopen the federal case. Once it receives that motion, the court will reopen the case immediately (assuming that the petitioner either has paid the $5.00 filing fee or the court has allowed him to proceed without prepaying it), with the parties retaining all rights they would have had had the case not been closed for administrative purposes. The petitioner will have the benefit of the original filing date.

Dated in Milwaukee, Wisconsin this 5th day of December, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**