UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK D. BROWN,

        Petitioner,

  v.                                    Case No. 19-cv-714-pp

DYLON RADTKE,[1]

        Respondent.

**ORDER CONSTRUING MOTION FOR RECONSIDERATION AS RENEWED MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE AND GRANTING (DKT. NO. 10), GRANTING MOTION TO RE-OPEN CASE (DKT. NO. 13) AND REQUIRING RESPONDENT TO FILE RESPONSE**

**I.    Motion for Reconsideration (Dkt. No. 10).**

In December 2019, the court issued an order denying the petitioner's request to proceed without prepaying the $5.00 filing fee because it could not verify the petitioner's financial status without a copy of his trust account statement. Dkt. No. 9. It asked the petitioner to provide a copy of his trust account statement. Id. Two weeks later, the petitioner filed that statement

---

[1] The petitioner is incarcerated at Green Bay Correctional Institution. See General Public-Offender Search, WISCONSIN DEP'T OF CORRECTIONS, available at https://appsdoc.wi.gov_/lop/home.do (last visited August 6, 2020). The warden of that institution is Dylon Radtke, WISCONSIN DEP'T OF CORRECTIONS, available at https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/GreenBayCorrectionalInstitution.aspx (last visited Apr. 21, 2020). Under Rule 2(a) of the Rules Governing Section 2254 Cases and Fed. R. Civ. P. 25(d), the court has updated the caption to reflect the appropriate respondent.

1

along with a motion asking the court to reconsider its order denying his motion to proceed without prepaying the filing fee. Dkt. No. 10.

The court has no reason to reconsider its December 2019 order denying the motion; based on the information that the court had at that time, the court appropriately denied the motion. The petitioner, however, now has provided the court with the information it requested. With his trust account statement, the court can verify his financial assertions. The court will now construe the petitioner's motion for reconsideration as a renewed motion for leave to proceed without prepaying the $5.00 filing fee.

The court previously wrote that the petitioner had alleged "that he gets four dollars every two weeks, that the prison takes 90% of that and that he saves the rest for hygiene." Dkt. No. 9 at 1. The trust account statement shows a balance of $16.88 as of December 19, 2019 with a monthly average for the previous six months of $14.70. Dkt. No. 11. It appears that the petitioner receives approximately $4.00 every two weeks, of which over $3.60 goes to victim restitution, a medical co-pay loan, child support payments and his inmate release account. Id. The statements support the petitioner's allegation that over 90% of his prison income is unavailable for his use. The court finds that the petitioner is unable to pay the $5.00 filing fee.

Before the court can grant the motion for leave to proceed without prepaying the filing fee, however, it must determine whether the petition raises claims that can be adjudicated in a federal *habeas* proceeding. That analysis

2

implicates the petitioner's other pending motion—his motion to re-open the case.

## II. Motion to Reopen Case (Dkt. No. 13)

The court's December 2019 order denying the petitioner's motion to proceed without prepaying the filing fee also granted the petitioner's request to stay his federal *habeas* petition. Dkt. No. 9. The order recounted that the petition raised a claim for ineffective assistance of trial counsel and a claim for ineffective assistance of appellate counsel. Id. at 5. It noted that the petitioner had admitted that he had not presented his ineffective assistance of appellate counsel claim to the Wisconsin state courts for their review. Id. at 5-6. The court informed the petitioner that he had presented a "mixed" petition—containing both exhausted and unexhausted claims—and that the court could not adjudicate a mixed petition for *habeas corpus.* Id. at 7. Apparently recognizing this pitfall, the petitioner asked the court to stay his federal *habeas* petition while he returned to state court; the court granted that request. Id. Because it was not clear how long it would take the state courts to resolve his proceedings, the court administratively closed this federal case. Id. The court instructed the petitioner to file a motion titled "Motion to Reopen Case" within thirty days of the conclusion of his state court proceedings. Id.

On April 10, 2020, the petitioner filed a "Motion to Reopen Case." Dkt. No. 13. The motion explains that his Knight petition alleging ineffective assistance of appellate counsel in the Wisconsin Court of Appeals was dismissed because he did not sign the petition in front of a notary. Id. at 1. He

3

states that the appellate court gave him thirty days to file a signed petition. Id. The petitioner states that he did not understand what the court meant and that by the time he figured it out, "the institution was on lockdown, and [he] was also in seg[regation] so [he] ended up missing the thirty-day deadline." Id. He says that he wrote to the Court of Appeals asking it to reconsider its dismissal of his case, but that he hasn't received a response from that court. Id. He states that he is unsure of what he needs to do in the state court at this point; "[s]o because I don't want to take the chance of my case being dismissed in this court for missing a deadline, I am filing this motion to reopen my case in this court[.]" Id. He states that he would like to continue with his exhausted claim of ineffective assistance of trial counsel "even if it means that I lose the chance to continue fighting the issue of ineffective assistance of appellate counsel in the state courts." Id.

The petitioner requests "that my original case be reopened with just the one issue of ineffective assistance of Trial Counsel, which was exhausted by my appellate counsel in the state courts." Dkt. No. 13 at 1. The court will grant that request, re-open the case and order a response. The petitioner is well within his rights to choose to proceed on solely his exhausted claim and to give up his unexhausted claim; it is one of the options available to a petitioner who files mixed petitions that the Supreme Court explicitly contemplated in Rose v. Lundy, 455 U.S. 509, 510 (1982) and Rhines v. Weber, 544 U.S. 269 (2005). The May 14, 2019 petition alleges ineffective assistance of trial counsel, which is a claim cognizable in a federal *habeas* petition. See Cook v. Foster, 948 F.3d

4

896 (7th Cir. 2020). And at the screening stage, the court cannot say that it plainly appears the petitioner is not entitled to relief.

The court observes that the petitioner's choice to proceed on this lone claim in *federal* court does not preclude him from continuing to pursue his ineffective assistance of appellate counsel claim in *state* court.

### III. Conclusion

The court **GRANTS** the petitioner's renewed motion for leave to proceed without prepayment of the filing fee. Dkt. No. 10.

The court **GRANTS** the petitioner's motion to re-open the case, dkt. no. 13, and **ORDERS** that the Clerk of Court **RE-OPEN** the case.

The court **ALLOWS** the petitioner to proceed on ground one of his petition for writ of *habeas corpus*, ineffective assistance of trial counsel.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the

respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 7th day of August, 2020.

                    **BY THE COURT:**

                    _____
                    **HON. PAMELA PEPPER**
                    **Chief United States District Judge**